IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCOTT WINLAND,**

      Petitioner,                 **CASE NO. 2:08-cv-916**

**v.**

                                        **JUDGE MARBLEY**

**WARDEN, LICKING COUNTY**
**JUSTICE CENTER,**

      Respondent.

## OPINION AND ORDER

On April 16, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.** Petitioner's request for an evidentiary hearing is **DENIED**. His request for a certificate of appealability likewise is **DENIED.**

Petitioner was convicted in state court of criminal trespass. The facts showed that he was sleeping on a park bench along a public bike path after dark and that the path had a dusk to dawn curfew. In this court, he argues that his conviction is invalid because he received the ineffective assistance of counsel. Petitioner has objected to the Magistrate Judge's recommendation of dismissal of some of his claims as procedurally defaulted. Because he does not appear to be challenging the recommendation that his sufficiency of

the evidence claim be dismissed on its merits, the Court will not re-examine the correctness of that ruling.

In his first objection, petitioner states that he did not plead not guilty, as reflected in the factual findings of the state appellate court, but rather that he entered a special appearance and challenged the jurisdiction of the trial court. He asserts that this challenge established cause for his procedural defaults in failing to raise his claims on direct appeal or in a motion to suppress evidence because, having only appeared specially in the state court proceedings, he could not have requested discovery, moved to suppress evidence, or take any other action inconsistent with his objection to jurisdiction. *See Objections*. In his second objection, petitioner clarifies that he did not raise in Rule 26(B) proceedings any claim of ineffective assistance of trial counsel, but only errors on the part of appellate counsel. In his third objection, he contends that the Report and Recommendation improperly applied *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), when it concluded that he procedurally defaulted his claims for federal habeas corpus review.[1]

Petitioner cites no authority for the proposition that because he challenged the jurisdiction of the state trial court, he was under no obligation to follow any state court

---

[1] He also raises an issue about an incorrect date that appears at Page 19 of the *Report and Recommendation*. He is correct that the Magistrate Judge erroneously identified the date of the appellate court's dismissal of petitioner's application to reopen the appeal under Ohio's Rule 26(B); however, that date is correctly identified on page 3 of the *Report and Recommendation,* referencing to *Exhibit 10-1 to the Return of Writ,* and this error does not alter the procedural default analysis, since petitioner apparently never appealed the denial of his Rule 26(B) application to the Ohio Supreme Court. *See Report and Recommendation*, at 19-20.

procedural rules governing how to preserve trial court errors for review. This Court is similarly unaware of any authority to that effect, and it also defies logic to give a criminal defendant a "free pass" through the state court system simply because he denies the state court's jurisdiction to try him. The state court did not accept his challenge to jurisdiction. After that, he proceeded at his own risk by ignoring the state court's procedural rules. One of those risks is defaulting claims for federal habeas corpus review.

As to his claim of ineffective assistance of appellate counsel, although petitioner asserts that he raised this claim on appeal to the Ohio Supreme Court, he did not appeal the denial of his Rule 26(B) application in which the majority of these claims were raised, so those claims were clearly waived. The only instance of ineffective assistance of appellate counsel which he did raise in the Ohio Supreme Court was a claim that counsel should have raised a void-for-vagueness challenge on appeal and should have contested his arrest, confinement, and interrogation as having occurred in violation of the Fourth Amendment. Again, he does not appear to be challenging that portion of the Report and Recommendation that concluded that these claims lacked merit, but only the conclusion that his other ineffective assistance of appellate counsel claims were waived. That conclusion is correct, however, due to petitioner's failure to appeal the denial of his Rule 26(B) motion. *See Wright v. Lazaroff*, 643 F. Supp. 2d 971, 993-94 (S.D. Ohio 2009).

Therefore, upon review of the entire record, and for the reasons detailed above and in the Magistrate Judge's *Report and Recommendation*, this Court agrees that petitioner's claims are waived or without merit. Consequently, his objections are **OVERRULED**.

As to petitioner's request for a certificate of appealability, when a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.*

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel, supra.*   Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.*  The court may first "resolve the issue whose answer is more apparent from the record and arguments."  *Id.*   Petitioner has failed to establish that reasonable jurists would debate whether the petition states a valid claim of the denial of

4

a constitutional right or whether the Court correctly dismissed his claims as procedurally defaulted. His request for a certificate of appealability therefore is **DENIED.**

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. For the foregoing reasons and for reasons already detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.** Petitioner's request for an evidentiary hearing is **DENIED.** His request for a certificate of appealability likewise is **DENIED.**

**IT IS SO ORDERED**.

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge